```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH DOLL, SR. and              :
KENNETH DOLL, JR.
         Plaintiffs                :

         vs.                       :   CIVIL NO. 1:CV-08-0675

PATROLMAN TERRY D. WILLIAMS,       :
individually and as a police officer
for the TOWNSHIP OF CARROLL, and   :
PATROLMAN MICHAEL BAILEY,
individually and as a police officer :
for the TOWNSHIP OF CARROLL,
         Defendants                :
```

*M E M O R A N D U M*

I.   *Introduction*

Plaintiffs, Kenneth Doll, Sr. and Kenneth Doll, Jr., filed this action under 42 U.S.C. § 1983 against Carroll Township and two of its police officers, Terry D. Williams and Michael Bailey. The plaintiffs allege federal civil-rights claims against each of the defendants for unlawful arrest, malicious prosecution, and excessive force.

They aver the Township is liable because of policies or customs that permit its police officers to engage in unreasonable force, false arrest and malicious prosecution. The plaintiffs also allege that the Township failed to train its officers in the legal use of force and failed to investigate and take corrective action when its officers did use illegal force. The plaintiffs are not more specific than this; no other factual allegations are made, such as those that would provide details

of prior uses of excessive force or specific instances when the Township failed to investigate such prior uses.

We are considering the defendants' motion to dismiss the claims against Carroll Township. In pertinent part, the defendants argue that these claims fail because they lack additional allegations specifying the incidents that the plaintiffs say gave rise to the policy or custom. Without these additional averments, the defendants maintain that the allegations against the Township are mere legal conclusions, insufficient to survive a motion to dismiss.

We will deny the defendants' motion.

II.   *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, ___ U.S. at ___, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. *Id.* at ___, 127 S.Ct. at 1964-65.

2

III.  *Background*

The pertinent allegations from the amended complaint concerning the Township's policies and customs are as follows:

> 7.   At all relevant times, all Defendants were acting in concert and agreement and their actions deprived Kenneth Doll, Sr. and Kenneth Doll, Jr. of their constitutional and statutory rights.
>
> . . . .
>
> 35.   The unlawful arrest, search, prosecution and use of unreasonable force in this case were the direct result of Defendants' pattern, practice, custom and procedure of subjecting citizens such as Kenneth Doll, Sr. and Kenneth Doll, Jr. to unreasonable force, false arrest and malicious prosecution in the absence of probable cause.
>
> . . . .
>
> 54.   Defendant Carroll Township has been deliberately indifferent to the constitutional rights and safety of its citizens by failing to train its officers in the appropriate and legal use of force.
>
> 55.   Defendant Carroll Township has been deliberately indifferent in failing to investigate and take appropriate corrective action after its officers had used illegal and excessive force.

IV.   *Discussion*

As noted, the defendants argue that the plaintiffs' allegations of the Township's policies and customs are deficient as being mere legal conclusions. The issue is directly controlled by *Leatherman v. Tarrant County*, 507 U.S. 163, 113 S.

Ct. 1160, 122 L.Ed.2d 517 (1993), where the Supreme Court held that a general allegation of municipal liability based on a failure to train police officers was sufficient to withstand a motion to dismiss.  It follows that it is also sufficient here when the plaintiffs make the same general allegation in paragraph 35 of the amended complaint that the Township has a custom and policy to allow police officers to engage in excessive force, false arrest and malicious prosecution.[1]  The plaintiffs add to that paragraph the properly pled allegations of the Township's failure to train in the use of force (¶ 54) and its failure to take appropriate action after excessive force has been used. (¶ 55).  *See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 590 (M.D. Pa. 2008)(in part, general allegations that the municipalities failed to implement a policy for the use of force and failed to train officers in the appropriate use of force were sufficient); *Karchnak v. Swatara Township*, 540 F. Supp. 2d 540, 550-51 (M.D. Pa. 2008)(citing *Leatherman* in rejecting attack on allegations that the municipality had a custom of gender discrimination and a policy of retaliating against police officers who complain about official policies or misconduct).

      The defendants complain at page 3 of their reply brief that the allegations are nothing more than "legal conclusions 'and a formulaic recitation of the elements of a cause of

---

[1] The paragraph refers simply to the defendants but that would include the Township.  See *Karchnak v. Swatara Township*, 540 F. Supp. 2d 540, 551-52 (M.D. Pa. 2008)(citing *Phillips*, *supra*, 515 F.3d at 238 n.5).

4

action.'"  *Twombly*, *supra*, ___ U.S. at ___, 127 S.Ct. at 1964-65.  We disagree.  These are statements of fact, general statements, but factual averments nonetheless.  What the defendants are really trying to do is enforce the judicially created "heightened pleading" standard of review that used to be applied to civil-rights actions before *Leatherman* and *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  That standard is no longer employed. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)(Third Circuit precedent endorsing a heightened pleading standard for civil rights cases is no longer valid after *Swierkiewicz* and *Leatherman*); *see also Evancho v. Fisher*, 423 F.3d 347, 351-53 (3d Cir. 2005).

     We will issue an appropriate order.[2]


                       /s/William W. Caldwell
                       William W. Caldwell
                       United States District Judge

Date: November 6, 2008

---

[2] The defendants also argue that liability against the Township cannot be premised on conspiracy or respondeat superior.  The plaintiffs disclaim reliance on these theories and hence we need not discuss them.  (The plaintiffs say that their reference to an agreement in paragraph 7 is to support their allegation concerning the Township's policy.)

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH DOLL, SR. and            :
KENNETH DOLL, JR.
         Plaintiffs              :

         vs.                     :    CIVIL NO. 1:CV-08-0675

PATROLMAN TERRY D. WILLIAMS,     :
individually and as a police officer
for the TOWNSHIP OF CARROLL, and :
PATROLMAN MICHAEL BAILEY,
individually and as a police officer :
for the TOWNSHIP OF CARROLL,
         Defendants              :
```

*O R D E R*

AND NOW, this 6th day of November, 2008, it is ordered that the defendants' motion (doc. 10) to dismiss is denied.

　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　United States District Judge